**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MANUEL SERNA-VALDIVIEZO,
also known as Manuel Gonzalez, also
known as Manuel Cerna-Valdiviezo,

    Defendant-Appellant.

No. 05-2143
(D.C. No. CR-04-2313)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Manuel Serna-Valdiviezo appeals the district court's imposition of a

sentence of 57 months for illegally reentering the United States after his

deportation following a conviction for an aggravated felony. We vacate his

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

sentence and remand for resentencing.

On August 4, 2004, United States Border Patrol agents in Sunland Park, New Mexico encountered Mr. Serna-Valdiviezo, a citizen of Mexico. His name was entered into an automated identification system, which reported that he had been deported only a week earlier on July 27. The deportation followed a felony conviction for the transporting of illegal aliens. Mr. Serna-Valdiviezo was arrested and pled guilty to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326(b)(2). The United States Probation Office prepared a presentence report (PSR), calculating a sentencing range based on the United States Sentencing Guidelines. The PSR assigned a base offense level of eight for illegal reentry and recommended a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii) for Mr. Serna-Valdiviezo's prior conviction for transporting illegal aliens in violation of 8 U.S.C. § 1324. The PSR further recommended a three-level downward adjustment for acceptance of responsibility. The resulting offense level was 21, which when combined with a criminal history category of IV, resulted in a guidelines sentencing range of 57 to 71 months. Rec. vol. II.

In response to the PSR, Mr. Serna-Valdiviezo filed a sentencing memorandum requesting an increase of thirteen, rather than sixteen levels for his previous conviction. He argued that, under *United States v. Booker*, 543 U.S. 220 (2005), the district court was required to consider the statutory factors listed in 18

U.S.C. § 3553(a), and that those factors warranted a sentence below the guidelines range. Specifically, he argued that he and his wife had been "traveling in tandem and transporting two illegal aliens each," an offense for which he had been sentenced to a mere fourteen months imprisonment. Rec. vol. I, tab 20 at 2. He further argued that unlike other convictions requiring the sixteen-level increase under the guidelines, his conviction involved "no use nor threatened use of physical force against a person. No one was injured or threatened with bodily harm." *Id*.

At the sentencing hearing, counsel for Mr. Serna-Valdiviezo reasserted his request for a lower offense level, arguing that the facts underlying his conviction did not support the sixteen-level increase and that the lower offense level would place Mr. Serna-Valdiviezo within the range of 46 to 57 months, the range typically assigned to illegal aliens who plead guilty pursuant to the "fast track" program. Rec. vol. III at 2-3. Specifically, counsel requested a sentence of 46 months. *Id*. at 3. The court then asked if Mr. Serna-Valdiviezo himself had anything to add. He stated that he had only reentered the United States because his parents were ill, "and in Mexico you can't make enough money to pay for the medication." *Id*.

Following Mr. Serna-Valdiviezo's statement, the district court stated:

> All right. The Court has reviewed the Presentence Report factual findings and has considered the Sentencing Guideline applications. I find the offense level to be 21; the criminal history

> category is IV; the guideline imprisonment range is 57 to 71 months. The Court notes the defendant reentered the United States after previously being deported.

*Id*. The court gave Mr. Serna-Valdiviezo a sentence of 57 months.

On appeal, Mr. Serna-Valdiviezo contends that contrary to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the district court applied the guidelines in a mandatory fashion. He further contends his sentence is procedurally unreasonable because the district court failed to consider his arguments that the § 3553(a) factors warrant a lower offense level, and failed to state its reasons for the sentence imposed.

We first consider Mr. Serna-Valdiviezo's claim that the district court applied the guidelines to his case in a mandatory fashion in violation of *Booker*. In support of his claim, Mr. Serna-Valdiviezo points to the court's failure to articulate its reasons for the sentence imposed or to reference the § 3553(a) factors. Although we do conclude that this failure requires resentencing, it is not because we view it as evidence that the district court applied the guidelines in a mandatory fashion. The Supreme Court's decision in *Booker* was issued on January 12, 2005. Mr. Serna-Valdiviezo's sentencing took place almost four months later on May 5. We find it highly implausible that by May a district court was unaware of the holding in *Booker* regarding the advisory nature of the guidelines. This is especially true where Mr. Serna-Valdiviezo referenced *Booker* in his sentencing memorandum. We decline to conclude the court treated the

-4-

guidelines as mandatory absent a clear indication in the record to the contrary.

We now turn to Mr. Serna-Valdiviezo's claim that his sentence is unreasonable because the district court failed to consider his arguments that a lower sentence was warranted and did not state its reasons for the sentence imposed. In *United States v. Sanchez-Juarez*, we stated that

> [f]ollowing *Booker*, we review sentences imposed by the district court for reasonableness. In conducting this review, we consider whether the district court correctly applied the Guidelines and whether the ultimate sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). We have held that when a sentence falls within the properly-calculated Guidelines range, it is entitled to a rebuttable presumption of reasonableness.

446 F.3d 1109, 1114 (10th Cir. 2006) (citations and internal quotation marks omitted). As in the case here, the defendant in *Sanchez-Juarez* did not challenge the district court's application of the guidelines. Rather he argued that (1) the presumption of reasonableness did not apply to his sentence even though it fell on the low end of the guidelines range; and (2) his sentence was procedurally unreasonable because the district court failed to state reasons for the sentence it imposed and failed to consider his arguments that the § 3553(a) factors warrant a sentence below the applicable guidelines range. *Id.* at 1115. Moreover, as here, the defendant in *Sanchez-Juarez* argued that his prior alien smuggling conviction contrasted sharply with the usual convictions to which the sixteen-level increase applies because those convictions typically involve crimes of violence or repeated serious drug offenses. *Id.* at 1112.

As we stated in *Sanchez-Juarez*, "[t]here is no question that, in addition to guiding our reasonableness review on appeal, the sentencing factors set forth in 18 U.S.C. § 3553(a) must be considered by the district court itself when imposing a sentence. Indeed, after *Booker*, these factors have a new vitality in channeling the exercise of sentencing discretion." *Id.* at 1115 (citation and internal quotation mark omitted). Mr. Serna-Valdiviezo argued in a sentencing memorandum and before the district court at his sentencing hearing that a number of factors warrant a sentence below the guidelines. As we noted in *Sanchez-Juarez*, the fact that the court allowed Mr. Serna-Valdiviezo to make these arguments suggests that the sentence it ultimately imposed at the low end of the guideline range "may fairly be read as a functional rejection of [his] arguments and a denial of his request for a below-Guidelines sentence." *Id.* We pointed out, however, that

> the court stated no reasons for the sentence it imposed, other than first noting that it had reviewed the PSR's factual findings and considered the Guidelines applications, and then citing [Mr. Serna-Valdiviezo's] offense conduct. The record indicates that at no time during the sentencing hearing or when imposing the sentence did the district court refer to the § 3553(a) factors.

*Id.*

While we will not demand that a district court recite any particular words to support its conclusions, neither will we "presume the district court weighed a party's arguments in light of the §3553(a) factors where the record provides no indication that it did so and no clear explanation of the sentence imposed. . . . [I]t is not consistent with our appellate function simply to assume what the district

court's reasons might be in such cases." *Id.* at 1115-16 (citations and internal quotation marks omitted). We determined accordingly that the presumption of reasonableness adhering to a sentence within the guidelines range does not relieve the district court of the procedural requirement to "state reasons for its rejection of a party's nonfrivolous motion" for a below-guideline sentence as required by § 3553(c). *Id.* at 1117. Thus we concluded that when, as in *Sanchez-Juarez* and here,

> a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing did not rest on the guidelines alone, but . . . considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

*Id.* (citations and internal quotation marks omitted).

Like in *Sanchez-Juarez*, the argument Mr. Serna-Valdiviezo raised at sentencing and reiterates on appeal concerning the incongruity between the actual conduct involved in his prior alien smuggling conviction and the sixteen-level increase suggested by the guidelines

> is not clearly meritless. District courts have imposed below-Guidelines sentences because of such incongruities in other cases. *See, e.g., United States v. Austin*, 2006 WL 305462, at *8 (S.D.N.Y. Feb. 6, 2006); *United States v. Santos*, 406 F. Supp. 2d 320, 328 (S.D.N.Y. 2005); *United States v. Zapata-Trevino*, 378 F. Supp. 2d 1321, 1327 (D.N.M. 2005); *United States v. Galvez-Barrios*, 355 F. Supp. 2d 958, 963 (E.D. Wis. 2005). Furthermore, this court has indicated, when remanding a case based on nonconstitutional *Booker* error, that where § 2L1.2 imposed a 16-level enhancement but the actual offense conduct was 'relatively trivial,' there was a

-7-

'reasonable probability' that a district court exercising its discretion in light of the § 3553(a) factors would impose a below-Guidelines sentence. [*United States v.*] *Trujillo-Terrazas*, 405 F.3d [814,] 819 [10th Cir. 2005].

*Id.* at 1117-18.

Having identified one argument in this case that is not clearly meritless and was raised at sentencing, we **REVERSE** and **REMAND** to the district court with instructions to vacate Mr. Serna-Valdiviezo's sentence and to resentence him after considering his request that he receive a sentence below the applicable guidelines range. In doing so, we in no way express an opinion regarding what the ultimate sentence should or should not be.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge