**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 3, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff–Appellee,

v.

JOSE LUIS ORTIZ-ESPINO,

        Defendant–Appellant.

No. 06-2170

(Case No. CR-06-367 BB)

(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

    After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument.

    Defendant pled guilty to illegal re-entry of an alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326 (a)(1), (a)(2), and (b)(2). The prior aggravated felony conviction, a Texas conviction for burglary of a habitation, was also classified as a "crime of violence" for sentencing purposes.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The court adopted the presentence report ("PSR") determination that the offense level was 8; that a 16-level enhancement should apply because of the previous conviction of a crime of violence; that Defendant's criminal history equated to category VI; and that a 3-level reduction for acceptance of responsibility should apply. Defendant's only objection was a request for a downward departure or variance based on the facts of his burglary conviction. He argued that because he only entered the attached garage of a house and "took some items . . . to make some quick money" (Sent. Hr'g Tr. at 3), the 16-level enhancement was disproportionately high. The court rejected this argument and sentenced him to 77 months, the bottom of the applicable Guidelines range. The only issue on appeal is the reasonableness of this sentence.[1]

When the sentence, as here, is within the Guidelines, it is presumed reasonable and is reviewed for unreasonableness under the factors set forth in 18 U.S.C. § 3553(a). *United States v. Kristl*, 437 F.3d 1050, 1054-55 (10th Cir. 2006). The district court fully considered Defendant's argument about the facts of his burglary conviction and the factors set out in § 3553(a). Considering all the relevant facts, including Defendant's criminal history and pattern of illegal re-entry, we see nothing unreasonable about the district court's decision to

---

[1] To the extent that Defendant seeks to appeal the district court's discretionary decision to deny his motion for a downward departure, we lack jurisdiction over this issue. *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1228-29 (10th Cir. 2006).

sentence Defendant at the bottom of the properly calculated Guidelines range. Even without the *Kristl* presumption, we would still conclude that Defendant's sentence is reasonable in light of the § 3553(a) factors. *Accord United States v. Ruiz-Terrazas*, 477 F.3d 1196 (10th Cir. 2007).

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge