**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SARAH MERCY OLUSOLA,

Defendant - Appellant.

No. 06-5214

(N.D. Oklahoma)

(D.C. No. 06-CR-72-01-CVE)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **ANDERSON** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant/appellant Sarah Mercy Olusola was found guilty, following a jury trial, of one count of making a false statement on a passport application, in violation of 18 U.S.C. § 1542, and one count of making a false claim to be a

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

United States citizen, in violation of 18 U.S.C. § 911. She was sentenced to two years probation, to run concurrently, and was assessed a $100 fine per count, as well as a $100 special monetary assessment per count. Olusola appeals her conviction, which we affirm.

## BACKGROUND

On August 26, 2001, Olusola, a citizen of Nigeria, entered the United States as a non-immigrant M-1 student, planning to study at the Rhema Bible Training Center in Broken Arrow, Oklahoma.[1] Olusola's visa was valid through June 30, 2005. At some point between her arrival and the expiration of her visa on June 30, 2005, Olusola's status shifted from M-1 to M-2, indicating that she was married to an M-1 student.

On December 22, 2004, Olusola made an I-360 special immigrant petition to become a religious worker with Air Travel and Tours, an entity which arranged tours to Nigeria. Olusola, an attorney in Nigeria, represented that she was the director and president of Air Travel and Tours. On July 8, 2005, the I-360 special immigrant petition was denied because Air Travel and Tours was not a religious organization. Olusola applied for and received tax exempt status for Air Travel and Tours as a not-for-profit charitable organization.

---

[1]An M-1 student is a vocational or other non-academic student.

In June 2005, both Olusola and her husband filed I-539 forms to become religious workers. Those were approved and Olusola became an R-2 non-immigrant, while her husband was an R-1 non-immigrant. This extended Olusola's visa until June 30, 2008.

On September 30, 2005, Olusola applied for a United States passport at the United States Post Office in Broken Arrow, Oklahoma. On the application, she indicated that her parents, Dawn Louise Gore and Charles Chester Brooks III, were born in the United States. As proof of her identity, Olusola provided her Oklahoma drivers license. As proof of her citizenship, Olusola provided a State of Oklahoma "Certificate of Foreign Birth," dated July 20, 2005, which indicated that Olusola was born in Lagos, Nigeria, on March 24, 1964.[2] The Certificate clearly states the following: "This Certificate is Not Proof of U.S. Citizenship." Olusola swore the information on the application was correct and recited the oath before United States postal employee Jack Hope. By signing the application, Olusola represented the following: "I declare under penalty of perjury that I am a United States citizen."

On October 24, 2005, the passport application was forwarded first to the Houston Passport Agency Anti-Fraud Office and then to the Diplomatic Security Service for investigation because of Olusola's use of the Certificate of Foreign

---

[2]Oklahoma typically issues Certificates of Foreign Birth to adults who adopt foreign-born children. There is no prohibition, however, against one being issued to an adopted adult.

-3-

Birth as proof of her United States citizenship. The Houston Passport Agency discovered that, on July 12, 2005, Olusola had been adopted in Oklahoma by Dawn Louise Gore and Charles Chester Brooks III, both United States citizens.

On January 18, 2006, Olusola was interviewed by a special agent with the United States Department of State Diplomatic Security Service. The agent testified at her trial that Olusola was "uncooperative and not forthcoming." Tr. of Jury Trial at 44, R. Vol. III.

Olusola testified at her trial that she thought her adoption by Gore and Brooks would bestow upon her United States citizenship: "It meant I was a citizen because I was adopted." Id. at 57. However, she conceded on cross-examination that the Certificate of Foreign Birth "doesn't go to [her] citizenship at all." Id. at 61. She also conceded that there was never any assurance or reference to Olusola becoming a citizen during the adoption proceeding. Olusola admitted she "did not go through a naturalization process," id. at 64, and that no representative of the United States government had ever told her she was a citizen. The jury returned guilty verdicts on both counts.

Olusola appeals, arguing that it was plain error for the district court to fail to give the jury an instruction on good faith. We affirm.

## DISCUSSION

"When no objection to a jury instruction was made at trial, the adequacy of the instruction is reviewed de novo for plain error." United States v. Visinaiz, 428 F.3d 1300, 1308 (10th Cir. 2005), cert. denied, 126 S. Ct. 1101 (2006). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007). Thus, we must determine if it was plain error for the district court to fail to give a good faith instruction.

"A defendant is entitled to a good faith instruction when he has interposed the defense of good faith, has requested the instruction, and when there is sufficient evidence to support it." United States v. Overholt, 307 F.3d 1231, 1247 (10th Cir. 2002). Furthermore, unlike most other circuits, "[w]e have held that when those conditions are met, a good faith instruction is required, even if an instruction on willfulness has been given." Id.

Olusola argues that she "squarely raised good faith as her sole theory of defense." Appellant's Br. at 8. Olusola did testify at several points that she thought her adoption by two United States citizens made her a citizen. The special agent who interviewed her also testified that she told him she thought the adoption conferred citizenship. However, she also conceded that the adoption decree "doesn't go to [her] citizenship at all." Tr. of Jury Trial at 61, R. Vol. III.

Furthermore, she conceded that she did not attach the adoption decree to her passport application, nor did she even bring it with her when she filled out and signed the application, thereby undermining her claim that her belief in her citizenship was based upon the adoption decree.

Additionally, in closing arguments, Olusola's counsel did not argue good faith. Rather, he argued that Olusola sent her passport application off and expected the government to tell her if she was or was not a citizen:

> She fills out a passport application, she says on there she's a citizen, she sends it off to the United States government. Who better knows if she's a citizen or not but the United States Government. She expected to hear back from them. No, you're not a citizen. Yes, you are a citizen. She knew she hadn't gone through any naturalization process.

Tr. of Closing Arguments at 10, R. Supp. Vol. II. That is hardly consistent with the defense that she sent off her passport application in good faith, believing that her adoption had automatically conferred citizenship on her. Additionally, Olusola was hardly a naive or unsophisticated person. Rather, she had been trained as a lawyer in Nigeria; she had filled out paperwork to successfully petition for changes in her legal status in the United States; and she had negotiated the process of having her company, of which she was the director and president, be declared a not-for-profit charitable institution. This all undermines her claim that she thought her adoption decree automatically changed her citizenship status in the United States.

Accordingly, even were we to agree that she argued good faith as a defense at trial, the evidence does not support such a defense. Because the evidence did not support such a defense, it was not error, let alone plain error, for the district court to fail to give such an instruction.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge