**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MELISSA SAENZ,

Defendant-Appellant.

No. 06-2356

(D. of N.M.)

(D.C. No. CR-06-863-JP)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Melissa Saenz pleaded guilty to threatening or intimidating a witness in violation of 18 U.S.C. § 1513.  Based on an offense level of 23 and a criminal history of II, Saenz fell within an advisory sentence range of 51–63 months under the United States Sentencing Guidelines.  Before the sentencing hearing, Saenz objected to a conclusion in her Presentence Report (PSR) that she threatened a

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

witness "in order to obstruct the administration of justice." Aple. App. at 10, ¶ 13. Finding by a preponderance of the evidence that Saenz did threaten the witness in order to obstruct prosecution, the district court sentenced Saenz to a within guidelines term of 51 months. Saenz timely appealed the district court's use of the preponderance of the evidence instead of the beyond a reasonable doubt standard to find a sentencing fact.

We AFFIRM.

## I.

The government filed an information charging Saenz with threatening or intimidating a witness in violation of 18 U.S.C. § 1513. She pleaded guilty, and the PSR related the following: On February 13, 2006, police arrested Saenz's brother when he delivered crack cocaine to an undercover agent. Shortly thereafter, Saenz called the agent from her brother's phone and left the agent a threatening message. When the agent returned Saenz's call, she told him, "mark my words[,] I'm going to kill you." *Id.* at 8, ¶ 5. The PSR concluded Saenz threatened the agent "in order to obstruct the administration of justice." *Id.* at 10, ¶ 13.

Before sentencing, Saenz filed a sentencing memorandum disputing the accuracy of the PSR. Specifically, Saenz alleged she did not know she was calling an undercover agent. Thus, Saenz argued, she could not have been acting "in order to obstruct the administration of justice" and, instead, was merely

threatening a drug dealer who had set up her brother. R., Doc. 22 at 2, ¶ 9 (emphasis omitted). The government objected to Saenz's characterization. At sentencing, the district court inferred by a preponderance of the evidence that Saenz knew the threatened person was "involved in the prosecution" of her brother. Aplt. App. at 7. Saenz did not object to the district court's use of the preponderance of the evidence standard.

## II.

On appeal, Saenz argues the district court erred in finding sentencing facts by a preponderance of the evidence rather than beyond a reasonable doubt. Because Saenz did not raise this argument at sentencing, we review only for plain error. *See United States v. Traxler*, 477 F.3d 1243, 1250 (10th Cir. 2007). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

Saenz's argument lacks merit and need not detain us long. We have clearly explained, "[b]ecause the post-*Booker* Guidelines are discretionary, a district court may continue to find [sentencing] facts . . . by a preponderance of the evidence." *United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007) (citing *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1130–31 (10th Cir. 2006)). Under applicable case authority, the district court therefore committed no error,

plain or otherwise, in finding by a preponderance of the evidence that Saenz threatened an undercover agent in order to obstruct the administration of justice.

Saenz also appears to challenge the reasonableness of her sentence. On appeal, her within guidelines sentence is presumptively reasonable, *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006), and she had pointed to no error by the district court in applying the sentencing factors set forth in 18 U.S.C. § 3553(a). We thus find no legal error in the length of her sentence.

## III.

Accordingly, the district court's sentence is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge