**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE J. ALVARADO-VALENCIA,

Defendant - Appellant.

No. 07-3260

(D. Kansas)

(D.C. No. 06-CR-20050-KHV)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Jose Alvarado-Valencia pled guilty to the

following: one count of conspiracy to distribute more than five kilograms of

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii); three counts of

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) and 18 U.S.C. § 2; one count of attempted possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and 846; one count of being an alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5); one count of possession of more than five grams of cocaine base, in violation of 21 U.S.C. § 844(a)and 18 U.S.C. § 2; one count of use of a communication facility to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b); and one count of aiding and abetting the use of drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. He was sentenced to 280 months' imprisonment on the first five counts, with lesser sentences on the remaining counts, all to run concurrently. Alvarado-Valencia appeals his sentence, which we affirm.

## BACKGROUND

The counts to which Alvarado-Valencia pled guilty stem from a large drug distribution enterprise involving Alvarado-Valencia and a number of co-defendants, pursuant to which they brought drugs, primarily cocaine, from Mexico and distributed them in the Kansas City, Kansas, area. In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR") which calculated an advisory United States Sentencing Commission, Guidelines Manual ("USSG"), sentence of 262 to 327 months. At the sentencing

hearing, neither party objected to the PSR. The government asked for a sentence of 280 months, "towards . . . [but] less than the exact midpoint" of the Guidelines range. Tr. of Sentencing at 6, R. Vol. III. Alvarado-Valencia asked for a sentence at the low end of the advisory range. The district court listened to arguments from both sides concerning the appropriate sentence.

The district court sentenced Alvarado-Valencia to 280 months, towards the middle of the Guidelines sentencing range, and explained the sentence as follows:

> In appropriating this sentence, I'm giving substantial weight to the sentencing guidelines because they promote uniformity in sentencing and also taking into account the aggravating and mitigating factors including the defendant's clean criminal history as well as the seriousness of this offense.
>
> And I also believe that a sentence in this range would promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes not only by this defendant, but by others. So it seems to me this would be a reasonable sentence considering all the factors under Section 3553(a).

Id. at 12-13. The district court then asked Alvarado-Valencia's counsel if he had any comment, to which counsel answered "No, Your Honor." Id. at 13. Alvarado-Valencia's only argument on appeal is that the sentence was imposed in a procedurally unreasonable manner because the district court failed to adequately explain the chosen sentence.

**DISCUSSION**

"In sentencing, the district court has a duty under 18 U.S.C. § 3553(c) to show it has considered the sentencing factors set forth in § 3553(a)." United States v. Tindall, No. 07-8038, ___ F. 3d ___, 2008 WL 554821, at *6 (10th Cir. March 3, 2008). See Rita v. United States, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). However, the Supreme Court "also made clear that a district judge is not required to give an exhaustive list of reasons." Tindall, 2008 WL, at *6. Indeed, '[a] one-sentence explanation accompanying a within-guidelines sentence – in the absence of the need to address specific § 3553(a) arguments brought to the district court's attention – satisfies the district court's duty to impose a procedurally reasonable sentence." Id. at *7; see also United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007) (stating that "Section 3553(c) requires the court to provide only a general statement" in explaining the imposition of a sentence falling within the Guidelines range).

The district court did more than enough in this case to satisfy that standard. Accordingly, the court committed no procedural error in explaining Alvarado-Valencia's sentence.[1]

_____

[1]Alvarado-Valencia made no specific objection to the district court's methodology in arriving at the sentence. Thus, our standard of review would be
(continued...)

**CONCLUSION**

For the foregoing reasons, we AFFIRM Alvarado-Valencia's sentence.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[1](...continued)
for plain error.  See United States v. McComb, No. 07-5003, 2007 WL 4393142, at *4 (10th Cir. Dec. 18, 2007).  Alvarado-Valencia maintains that he made the equivalent of an objection by arguing for a sentence at the bottom of the Guidelines range.  Alvarado-Valencia's sentence is procedurally reasonable under any standard.