FILED
United States Court of Appeals
Tenth Circuit

June 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JOSE GARCIA-SANCHEZ, a/k/a
Catracho,

        Defendant - Appellant.

No. 11-1527
(D.C. No. 1:09-CR-00056-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Jose Garcia-Sanchez, a federal prisoner, pled guilty to knowingly and intentionally

conspiring to distribute 50 or more grams of actual methamphetamine, and 500 grams or

more of a substance containing methamphetamine, and 500 grams or more of a substance

with a detectable amount of cocaine, all Schedule II Controlled Substances, in violation

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(ii)(II), and 846.[1] Although the advisory Sentencing Guidelines range calls for imprisonment of 360 months to life, the government and Garcia-Sanchez each moved for a variant sentence within the range of 180 to 216 months of imprisonment. After noting the properly computed advisory sentence and considering the 18 U.S.C. § 3553(a) factors, the judge denied the motions for a downward variance and sentenced Garcia-Sanchez to 360 months of imprisonment and 5 years of supervised release.[2] He appeals from that sentence and repeats the argument he made to the district court—the sentence is procedurally unreasonable because it did not properly take into account his traumatic teenage years.

When Garcia-Sanchez was 14, he was shot and at the same time witnessed the killing of his parents and brother in their Honduras home. Those tragic crimes left him without parental supervision and forced him continually to seek a place to live. He contends this aspect of his life is particularly relevant, and his sentence should have been reduced because of it.

In his plea agreement, Garcia-Sanchez stipulated to his consistent involvement in methamphetamine distribution, including using weapons, from 2005 to 2008. Some of his crimes resulted in convictions and imprisonment, the details of which are contained in

---

[1] The total weight of each narcotic attributable to the conspiracy was 1,733.12 grams of actual methamphetamine, 2,050.24 grams of a substance containing methamphetamine, and 1,319 grams of a mixture containing cocaine.

[2] The judge explained at sentencing: "[T]he reason he has had a 360-month guideline  sentence is because of the drug quantity involved. That's why he is at 360." (R. Vol. II at 25).

the Presentence Report ("PSR").  Since neither the government nor Garcia-Sanchez had objected to the PSR the judge relied upon it; he said, "therefore, the factual statements and guideline applications in the report are adopted without objection as the Court's findings of fact concerning sentencing."  (R. Vol. II at 22)

With respect to his unfortunate youthful experiences, the only matter at issue in this appeal, the judge addressed it:

> How long does that excuse work?  If we take a look at his criminal history, this isn't his first conviction, so does that last for a lifetime?
>
> . . . .
>
> [A] family history even one as horrific as what Mr. Garcia-Sanchez experienced when he was 14 doesn't justify continuing to break the law and certainly doesn't justify you[r] becoming a drug dealer and leading up your own drug organization.  Nothing has been explained to the Court that would somehow have any cause and effect between experiencing some horrific crime happening to your family and running a drug organization where you arm yourselves as part of the drug organization.
>
> . . . .
>
> The next question becomes where within the guideline range the defendant should be sentenced, and that actually isn't too hard of a question.  The defendant has not been subject to any type of a lengthy sentence before and a 360-month sentence is a very, very long sentence for someone of any age, and that is what the Court believes is the appropriate sentence in this case.

(R. Vol. II at 17-18, 24, 30).

"The district court has a wide range of discretion in striking a balance among the 18 U.S.C. § 3553(a) factors."  *United States v. Gambino-Zavala*, 539 F.3d 1221, 1232 (10th Cir. 2008). It is sufficient for a sentencing judge to note generally the Sentencing Guidelines range and consideration of the § 3553(a) factors.  *United States v. Ruiz-*

*Terrazas*, 477 F.3d 1196, 1202 (10th Cir. 2007). "A sentence is procedurally reasonable when the district court computes the applicable Guidelines range, properly considers the § 3553(a) factors, and affords the defendant his rights under the Federal Rules of Criminal Procedure." *United States v. Begaye*, 635 F.3d 456, 461 (10th Cir. 2011) (citation, alteration, and internal quotation marks omitted). Here, the judge did exactly that. After explaining why a downward variance was not warranted, he imposed a sentence at the low end of the advisory sentencing range. While a judge is required to consider sentencing factors the defendant advances, he has no obligation to assign them controlling weight. Contrary to Garcia-Sanchez's arguments, the judge did not refuse to consider his difficult life experiences as a mitigating factor. The Judge simply chose not to permit him to use them as a crutch, thereby minimizing his repeated, serious, and dangerous lawlessness. There was no procedural error.

**AFFIRMED**.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge

- 4 -