**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

JEREMEY DAHL ESCOBAR,

    Defendant – Appellant.

No. 13–6218
(D.C. No. 5:12-CR-00293-M-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

After Jeremey Escobar pleaded guilty to possession of child pornography, the government asked the district court to impose a sentence above the guideline range of 70–87 months. Escobar asked for a sentence of time served. In the end, the district court varied upward, sentencing Escobar to 100 months in prison. Escobar now appeals, apparently challenging both the procedural and substantive reasonableness of this sentence. Because we find nothing unreasonable about his sentence in any respect, we affirm.

---

[*] This case is submitted on the briefs because the parties waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

Escobar first contends that his sentence is "unreasoned," by which we assume he means the district court failed to adequately explain its upward variance. It is certainly true that, as a matter of procedure, a district court must provide specific reasons for its sentence when it deviates from the advisory guidelines range, as the district court did here. *See United States v. Mendoza*, 543 F.3d 1186, 1191 (10th Cir. 2008); *United States v. Ruiz–Terrazas,* 477 F.3d 1196, 1200 (10th Cir. 2007). The problem for Escobar, however, is that the district court provided specific reasons for its upward variance. The court reviewed various comments Escobar made to undercover agents in online chat rooms and found that they showed "an obsessive interest in sexual abuse of children." R. vol. 4, at 39. This interest "wasn't a part of the [guidelines] calculation," *id.* at 35, and the court explained a higher sentence was necessary to protect the public and to make sure Escobar received correctional treatment. On this record, we cannot say the district court failed to give reasons for its sentence.

In a second procedural challenge, Escobar seems to fault the district court for not referencing 18 U.S.C. § 3553(b)(2)(A)(i), which allows for above-guidelines sentences in child pornography cases if "aggravating circumstance[s]" exist. Yet this provision is inapplicable in this case, since the above-guidelines sentence imposed by the district court was a variance, not a guidelines departure. *See United States v. Gantt*, 679 F.3d 1240, 1247 (10th Cir. 2012) ("A departure from a guideline sentence is a sentence outside the guideline range but justified by specific provisions in the guidelines. [...] In contrast, a sentence variance is a sentence not authorized by the Sentencing Guidelines but permissible now that the guidelines are merely advisory.") Consequently, the district

court did not need to make a specific finding of aggravating circumstances in order to impose the sentence it did.

Escobar also challenges the district court's reliance on the chat room comments, although it's unclear whether he contends that the district court could not consider the comments at all or that the court simply gave them too much weight. Either way, we find no cause for resentencing. In the absence of any objection from Escobar, the district court was free to rely on the comments as they were stated in the PSR. *See United States v. Warren*, 737 F.3d 1278, 1286 (10th Cir. 2013) ("If a PSR is not disputed … a district court is free to rely on the PSR at sentencing." (emphasis removed)). What's more, under § 3553(a)(2)(C), district courts are expressly instructed to consider the need to protect the public from "further crimes of the defendant"—*i.e.* the crimes the defendant *might* commit. That is precisely what the district court did here, by determining that Escobar's present-tense thoughts and fantasies about children had reached the point of dangerous obsession. In the online comments, Escobar expressed a desire to rape, enslave, torture, and even kill little girls between the ages of 6 and 14. He also mentioned that he wanted to rape his niece and boasted that he had already sexually abused her when she was six years old. From our perspective, the district court was justified in giving this information considerable weight. We have previously upheld a district court's consideration of similarly disturbing chat room messages in a child pornography case involving a comparably proportionate upward variance. *See United States v. Herget*, 499 F. App'x 743, 749 (10th Cir. 2012).

Finally, Escobar generally argues his sentence is too long. He believes a sentence within the guidelines range would have been sufficient. We cannot say that the district court abused its discretion by increasing Escobar's sentence by 13 months given the circumstances of this case.

AFFIRMED.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge