**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 31, 2007**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff–Appellee, | No. 06-1313 |
| v. | (Case No. 06-cr-31-PSF) |
| SYDESSAH NYESSAH LEWIS, | (D. Colo.) |
| Defendant–Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **McCONNELL**, Circuit Judges.

Defendant pled guilty to making false claims against the United States in violation of 18 U.S.C. § 287. Based on a Guidelines range of six to twelve months, the district court sentenced Defendant to five months of incarceration and five months of home detention with electronic monitoring.[1] On appeal, Defendant argues that her sentence is unreasonable because it does not adequately account for her family circumstances.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because the term of home detention substitutes for an equal term of imprisonment, the total sentence imposed—ten months—is within the Guidelines range. *See* U.S.S.G. §§ 5C1.1(d), 5F1.2.

Defendant argues that she should not have received a sentence of incarceration because she is the single parent of two school-aged children, her husband was recently murdered, and she has no family members who are mentally and physically capable of caring for her children. According to the presentence report prepared for the district court, Defendant expected that her two children would be cared for by her mother. However, at the sentencing hearing Defendant requested a sentence with no prison time, telling the judge that she didn't have anyone to care for her children because she "just found out" that her mother was using drugs. (R. Vol. II at 8.) The court rejected her request, stating: "I am concerned about her family situation, as she has outlined it, but I don't see that as a basis for avoiding a prison sentence under these circumstances." (*Id.* at 13.)

As an initial matter, it is important to clarify that this appeal is not about the district court's decision not to grant Defendant's request for a downward departure.[2] Rather, Defendant simply appeals the reasonableness of the sentence imposed. Thus, the cases cited by both parties are relevant only to the extent that they inform our review of this issue.

In reviewing a sentence for reasonableness, we consider both the method by

---

[2] Even if this issue had been raised by Defendant, we would not review the court's decision for an abuse of discretion as the government suggests. While we review for abuse of discretion a district court's decision to *grant* an upward or downward departure, *United States v. Wolfe*, 435 F.3d 1289, 1295 (10th Cir. 2006), a court's discretionary *refusal to grant* a departure is not reviewable in this circuit, *United States v. Chavez-Diaz*, 444 F.3d 1223, 1228-29 (10th Cir. 2006).

which the sentence was calculated and the length of the sentence imposed. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). A sentence within the correctly calculated Guidelines range is presumed reasonable. *Id.*

We are persuaded that Defendant's sentence is both procedurally and substantively reasonable. The court correctly calculated the Guidelines range, considered the § 3553(a) factors, and considered Defendant's arguments for a lower sentence. The court concluded that the offense was serious enough to warrant incarceration and that it would not be appropriate for Defendant to avoid a prison sentence based on her family situation. Considering all the relevant facts, particularly Defendant's criminal history and the fact that her prior lenient sentences have not deterred her criminal activity, we see nothing unreasonable about the sentence imposed. Under the circumstances of this case, Defendant's family situation does not render her sentence of five months of incarceration and five months of home detention unreasonable.[3]

**AFFIRMED**

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[3] We would find Defendant's sentence reasonable even without the *Kristl* presumption. *Accord United States v. Ruiz-Terrazas*, 477 F.3d 1196 (10th Cir. 2007).