**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 06-1242 |
| v. | D. Colo. |
| SHERNAR CLENON REDD, also known as Clenon Shernar Redd, also known as "Main," | (D.C. No. 05-cr-00336-PSF) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Shernar Clenon Redd pled guilty to using a firearm to rob a bank in Aurora,

Colorado, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2 (Count 1)

and knowingly brandishing a firearm during the robbery in violation of 18 U.S.C.

§ 924(c) and 18 U.S.C. § 2 (Count 2). He was sentenced to 114 months

imprisonment on Count 1 and 84 months imprisonment on Count 2, with the

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentences to run consecutively. The sentence for Count 1 was at the low end of the guidelines range and the sentence for Count 2 was the statutory minimum. Redd appeals from his sentence claiming the district court failed to give sufficient weight to his lack of guidance as a youth and/or his disadvantaged upbringing. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 & 18 U.S.C. § 3742, we AFFIRM.

In cases following *United States v. Booker*, 543 U.S. 220 (2005), the district court's sentencing determination is reviewed under a reasonableness standard, guided by the statutory factors delineated in 18 U.S.C. § 3553(a). *See United States v. Kristl,* 437 F.3d 1050, 1053 (10th Cir. 2006). "Reasonableness review has both procedural and substantive components" encompassing "the reasonableness of the length of the sentence, as well as the *method* by which the sentence was calculated." *United States v. Hildreth,* 485 F.3d 1120, 1127 (10th Cir. 2007) (quotations and citations omitted). "To impose a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a). A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *Id.* (quotation marks and citation omitted). "If . . . the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable. The defendant may rebut this presumption by demonstrating that the sentence is

unreasonable in light of the other sentencing factors laid out in § 3553(a)."
*Kristl*, 437 F.3d at 1055.

To the extent Redd is arguing that the sentence is procedurally unreasonable based on the district court's failure to articulate these factors, he failed to object at the sentencing hearing, so our review would be for plain error. *See United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir. 2007). There is no error, plain or otherwise, however, because the district court may engage in a general discussion of the sentencing factors or indicate that it has considered them vis-a-vis the parties' arguments, and comply with the requirement of 18 U.S.C. § 3553(c). *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007); *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir.), *cert. denied*, __ S.Ct. __ 2007 WL 1579417 (2007). The district court did so here.

With regard to Redd's argument that the district court imposed a sentence that is substantively unreasonable, we are unpersuaded. The inquiry is not whether the district court weighed the factors in the same manner as contended for by counsel, but whether it abused its discretion given the weighing it chose.

Prior to sentencing, the district court granted Redd's request for a psychological evaluation. The evaluation did not suggest a lower sentence would result in any of the goals identified in § 3553(a). The district court was fully informed as to Redd's childhood and upbringing through the information contained in the psychologist's report and the pre-sentence report. Its decision to

sentence Redd at the low end of the guideline range was based on consideration of *all* the § 3553(a) factors, was fully explained, and was procedurally and substantively reasonable.

**AFFIRMED**.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge