**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 07-2268 |
| | (D.Ct. No. 1:07-CR-00693-JEC-1) |
| | (D. N.M.) |
| MONROE HARRIS THORNHILL, | |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Monroe Harris Thornhill pled guilty to one count of possession

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of a firearm by a person previously committed to a mental institution in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2). He now appeals his sixteen-month sentence on grounds it is: (1) procedurally unreasonable because the district court failed to provide an explanation for imposing such a sentence; and (2) substantively unreasonable because his sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Thornhill's sentence.

## I. Background

In 2003, Polk County sheriff's officers arrested Mr. Thornhill in Bartow, Florida, after he discharged a firearm near those officers. Mr. Thornhill was charged with first degree attempted murder, but a judge found him not guilty by reason of insanity and committed him to a treatment facility. After his conditional release in July 2006, Mr. Thornhill moved to Tucumcari, New Mexico, where sometime on or about November 13, 2006, he purchased a .223 caliber Olympic Arms rifle. He eventually turned the rifle over to his outpatient counselor, who provided it to New Mexico authorities; they in turn contacted agents with the United States Bureau of Alcohol, Tobacco and Firearms. After federal government agents ascertained Mr. Thornhill was not in need of mental health treatment, they arrested him for possession of a firearm by a person

-2-

previously committed to a mental institution, after which an indictment issued, charging him with violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2).

Following his indictment, Mr. Thornhill pled guilty. A probation officer prepared a presentence report calculating his sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer set Mr. Thornhill's base offense level at fourteen pursuant to U.S.S.G. § 2K2.1(a)(6)(A) for being a person prohibited from possession of a firearm at the time of the offense. The probation officer then decreased his offense level by two for acceptance of responsibility, resulting in a total offense level of twelve. The presentence report also set Mr. Thornhill's criminal history category at I, which, together with an offense level of twelve, resulted in a recommended Guidelines sentencing range of ten to sixteen months imprisonment. The presentence report noted Mr. Thornhill's recommended Guidelines range fell within Zone C of the Guidelines sentencing table in Chapter 5, Part A, so that the minimum applicable term of his sentence could be satisfied by either: (1) a sentence of imprisonment under § 5C1.1(d)(1); or (2) a sentence of imprisonment which included a term of supervised release that could be substituted with community confinement or home detention under § 5C1.1(e), provided that at least one-half of the minimum term was satisfied by imprisonment, as required under § 5C1.1(d)(2).

On October 23, 2007, Mr. Thornhill filed a formal sentencing memorandum, which did not in any way contest the presentence report but merely advised that the Guidelines sentencing range of ten to sixteen months was "appropriate"; the government had recommended a sentence at the bottom of the Guidelines range; and the split sentence under Zone C of the sentencing table, as discussed in the presentence report, would allow Mr. Thornhill to receive mental health counseling through programs available to him through a United States Veterans' Administration treatment center. Because Mr. Thornhill had already served seven months incarceration since his arrest, he requested a sentence of ten months incarceration, with the remaining three months to be served under home confinement so he could receive the appropriate mental health treatment. In support of his request, Mr. Thornhill summarily stated he had no prior criminal convictions; a previous mental health evaluation found he could successfully operate within a community-based treatment placement; and, as a former Marine, he mistakenly believed he had the right to own a firearm, not understanding the prohibition against such ownership after his prior mental institution commitment. In his sentencing memorandum, Mr. Thornhill did not in any way object to the presentence report or raise an argument contesting application of the Guidelines in conjunction with a specific § 3553(a) sentencing factor. Likewise, the government did not oppose Mr. Thornhill's sentencing request and instead recommended: (1) a sentence at the low end of the Guidelines range of ten

months imprisonment; and (2) if he qualified, a split sentence.

At the sentencing hearing, the following colloquy occurred between the district court and Mr. Thornhill's counsel: "The Court: Is there anything in the presentence report you specifically wish to call to my attention? [Counsel]: Your Honor, I submitted a sentencing memorandum, and I'll just stand by my memorandum. The Court: All right." R., Vol. 4 at 2.

Following this colloquy, the district court stated it had "reviewed the presentence report factual findings and ... considered the sentencing guideline applications and the factors set forth in 18 United States Code 3553(a)(1) through (7)." *Id.* at 3. After determining the advisory Guidelines range was ten to sixteen months, the district court sentenced Mr. Thornhill to sixteen months imprisonment. In so doing, it stated that Mr. Thornhill "shall be designated to a medical facility where he can undergo a psychiatric evaluation and treatment." *Id.* At the conclusion of the hearing, Mr. Thornhill's counsel generally "note[d] an objection to the sentence, especially with the recommendation of a split sentence and minimum time." *Id.* at 6.

## II. Discussion

Mr. Thornhill's first contention on appeal is based on his argument his

sixteen-month sentence is procedurally unreasonable because the district court failed to provide an explanation for imposing a sentence at the high end of the Guidelines sentencing range. In support of this argument, he contends the district court: (1) "did not note the parties' arguments or their stipulation concerning the appropriate sentence"; (2) "did not refer to any facts or law on which it relied"; and (3) "did not explain–even in broad terms–why it rejected the government's recommendation and concluded that the sentence imposed was warranted." Apt. Br. at 5. In making his argument, Mr. Thornhill acknowledges his within-Guidelines sentence does not require as much explanation as an outside-Guidelines sentence would and concedes the standard of review is for plain error because he did not object to the district court's failure to explain his sentence.

As Mr. Thornhill concedes, we review an alleged error raised for the first time on appeal for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir.), *cert. denied*, 128 S. Ct. 113 (2007). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

In determining if an error occurred, we recognize "[i]n sentencing, the district court has a duty under 18 U.S.C. § 3553(c) to show it has considered the

sentencing factors set forth in § 3553(a) ...."  *United States v. Tindall*, 519 F.3d 1057, 1065 (10th Cir. 2008).  "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, ___ U.S. ___, 127 S. Ct. 2456, 2468 (2007).  On the other hand, § 3553(c) requires the court to provide only a general statement in explaining the imposition of a sentence falling within the Guidelines range.  *See Ruiz-Terrazas*, 477 F.3d at 1199.  The Supreme Court has "made clear that a district judge is not required to give an exhaustive list of reasons."  *Tindall*, 519 F.3d at 1065.  "Unless a party contests the Guidelines sentence generally under § 3553(a)–that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way–or argues for departure, the judge normally need say no more."  *Rita*, 127 S. Ct. at 2468.  Instead, "[a] one-sentence explanation accompanying a within-guidelines sentence-in the absence of the need to address specific § 3553(a) arguments brought to the district court's attention-satisfies the district court's duty to impose a procedurally reasonable sentence."  *Tindall*, 519 F.3d at 1065.

In this case, Mr. Thornhill's sentence falls within the advisory Guidelines range and he did not make a specific objection to the district court's methodology in calculating his sentence or otherwise raise any specific Guidelines objection or

§ 3553(a) argument regarding calculation of his sentence for the district court to address. Instead, he merely requested a sentence at the low end of the Guidelines range. To the extent Mr. Thornhill contested calculation of his sentence with regard to the § 3553(a) factors when he generally mentioned his lack of a prior criminal record and need for mental health treatment, it is evident the district court was aware of and considered these facts when it set his criminal history category at I in calculating his Guidelines sentencing range and later ordered a mental health evaluation and treatment. In addition, despite Mr. Thornhill's contentions otherwise, the district court did state the facts and law on which it relied when it stated it had "reviewed the presentence report factual findings and ... considered the sentencing guideline applications and the factors set forth in 18 United States Code 3553(a)(1) through (7)." R., Vol. 4 at 3. Finally, we are satisfied from a review of the record that the district court considered the parties' pleadings requesting a split, low-end Guidelines sentence and rejected that request when it imposed a higher Guidelines sentence. As a result, under the circumstances presented, in which no specific objection to the presentence report or calculation of the sentence occurred with regard to any § 3553(a) factor, the district court's general and brief explanation that it had considered the facts, advisory Guidelines, and § 3553(a) factors in imposing the sixteen-month sentence satisfied its duty to explain Mr. Thornhill's sentence. Thus, no reversible error occurred under our plain error analysis.

Next, we address Mr. Thornhill's argument his sentence is substantively unreasonable because his sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). In support of his contention, Mr. Thornhill generally summarizes the § 3553(a) factors to be considered in determining the length of a sentence and suggests a sentence at the low end of the Guidelines range would be adequate to achieve the sentencing goals in his case because his offense involved simple gun possession without the threat of violence, and he needs treatment to combat his multiple mental health disorders.

We review Mr. Thornhill's argument under a deferential abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802, 805-06 (10th Cir. 2008).

> Reasonableness review is guided by the factors set forth in 18 U.S.C. § 3553(a), ... which include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ....

*United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). If the sentence is within the correctly-calculated Guidelines range, we may apply a presumption of reasonableness. *See id.* at 1053-54; *see also Rita*, 127 S. Ct. at 2462, 2465. The defendant or the government may rebut this presumption by demonstrating the sentence is unreasonable when viewed under the § 3553(a) factors. *See Kristl*, 437 F.3d at 1054.

In this case, the district court correctly calculated the relevant Guidelines range and sentenced Mr. Thornhill within that range, so his sentence is presumptively reasonable. Moreover, nothing in the record otherwise indicates Mr. Thornhill's sentence length is substantively unreasonable under the circumstances presented. Thus, we conclude the district court did not abuse its discretion in imposing a sixteen-month sentence, and Mr. Thornhill has not carried his burden in demonstrating his sentence is unreasonable under the § 3553(a) sentencing factors.

## III. Conclusion

For these reasons, we **GRANT** Mr. Thornhill's motion for expedited consideration of his appeal and **AFFIRM** his sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge