**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JESUS DAVID VENZOR-REVELES,

Defendant–Appellant.

No. 10-6117
(D.C. No. 5:09-CR-00256-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

Appellant Jesus Venzor-Reveles[1] arrived in the United States at age fifteen.
He was first arrested in 1997 for possession of a controlled substance with intent
to distribute, and after pleading guilty was sentenced to an indeterminate term of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[1] Hereinafter, we follow the Appellant's lead in referring to himself simply
as Mr. Venzor, rather than Mr. Venzor-Reveles.

one to fifteen years' imprisonment. After serving almost one year in custody, he was released and removed from the United States.

Mr. Venzor returned to the United States in 2001. In 2003 he was charged with illegal reentry after a previous conviction of an aggravated felony. He pled guilty and was sentenced to twenty-one months' imprisonment. He was released in 2004 and removed from the United States for a second time.

In 2008, Mr. Venzor entered the United States for a third time. He was again arrested on drug possession charges and was sentenced to six years in the Oklahoma state prison. While he was serving this sentence, Immigration and Customs Enforcement learned of his imprisonment. Shortly thereafter, a federal grand jury indicted him on the charge at issue in this appeal, the Illegal Reentry of a Deported, Removed, and/or Excluded Alien, in violation of 8 U.S.C. § 1326(a). Mr. Venzor promptly pled guilty.

Mr. Venzor's Presentence Investigation Report ("PSR") calculated his offense level as twenty-one and his criminal history as category V. The district court sustained an objection by Mr. Venzor to the PSR's application of two criminal history points for Mr. Venzor having "been found" in the United States at the time he was serving another prison term, resulting in a reduced criminal history category of IV. The district court then denied Mr. Venzor's request for a downward variance to thirty-four months, instead sentencing him to fifty-seven months, the bottom of the Guidelines' range.

Mr. Venzor does not appeal the procedural reasonableness of his sentence; he only argues his sentence is excessive and thus not substantively reasonable. We review a sentence for substantive reasonableness under an abuse of discretion standard, "afford[ing] substantial deference to [the] district court[]." *United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008). Where the district court correctly calculates the applicable sentencing range and sentences the defendant within that range, the resulting sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). "[W]e recognize that in many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Mr. Venzor argues his sentence is unreasonable for three reasons. First, he argues the circumstances of an illegal reentry create a "status offense" for which the Guidelines recommend a punishment disproportionate to the nature of the offense, especially when compared to more vicious crimes of the equivalent offense level. Second, he claims his particular history of incarceration—less than five years to date for drug crimes with no convictions involving weapons or violence—falls short of egregious and does not deserve such a long sentence. Third, he contends the Guidelines, which allow the sentencing court to count a

prior conviction twice, are fundamentally unfair.

The district court rejected the above arguments, which were presented at sentencing by Mr. Venzor's counsel. It instead focused on Mr. Venzor's repeated illegal entries and continued criminal activity once inside the United States:

> I do have somewhat of a different perspective on the case than perhaps your attorney does. You knew when you served prison time before that you couldn't come back here, that there was a serious consequence to coming back, and if I were just sentencing you here today because you had innocently come back to the United States, that would be one thing, but you've twice been up here and convicted of distribution of drugs, so I'm really just not real sympathetic with your situation. People have got to know in your situation that there is a serious consequence for coming to the United States and dealing drugs and coming back in violation of our law.

(Doc. 36 at 12.) The court acknowledged its power to sentence outside the Guidelines' range, but concluded that "in this instance, because of [Mr. Venzor's] record, . . . a significant sanction consisting of the guidelines is appropriate." (*Id.*)

Now on appeal, Mr. Venzor's same arguments are insufficient to overcome the presumption of reasonableness attached to the district court's within-Guidelines sentence. We must acknowledge the district court's findings, all of which are directly relevant to § 3553(a). We must also defer to "the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them." *Smart*, 518 F.3d at 808. Moreover, the district court's conclusion is supported by Tenth Circuit decisions in which we rejected

-4-

arguments similar to those made by Mr. Venzor. *See United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008) ("[R]eentry of an ex-felon is a serious offense."); *United States v. Pruitt*, 502 F.3d 1154, 1166 (10th Cir. 2008) ("Selling . . . drugs is a serious offense that detrimentally impacts other people's lives . . . ."), *vacated on other grounds*, 552 U.S. 1306 (2008); *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007) ("[W]e have routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where, as here, the Guidelines authorize it.").

We cannot say that the district court abused its discretion by imposing a sentence at the bottom of the Guidelines' range here, where the Appellant had prior felony convictions and where his previous sentences failed to deter him from again illegally entering the United States. We therefore **AFFIRM**.

Entered for the Court


Monroe G. McKay
Circuit Judge