**UNITED STATES COURT OF APPEALS**

**April 17, 2012**

**TENTH CIRCUIT**

––––––––––––––––––––––––––––––

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 11-1380 |
| | (D.C. No. 1:10-CR-00220-DME-10) |
| VERONICA GRANADOS, a/k/a Vero, | (D. Colo.) |
| Defendant-Appellant. | |

––––––––––––––––––––––––––––––

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Veronica Granados pled guilty to knowingly and intentionally using a communication device to facilitate the commission of a crime involving a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 843(b), and was sentenced to twenty-four months imprisonment. On appeal, Ms. Granados contests the procedural reasonableness of her sentence, claiming the district court impermissibly failed to make a foreseeability finding concerning her offense conduct, which increased her sentence. She also contends the district court failed to make a finding with regard to a disparity between her sentence and that of a co-defendant, as required by 18 U.S.C. § 3553(a)(6), which she also claims makes her sentence procedurally unreasonable. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Ms. Granados's sentence.

## I. Background

Ms. Granados stipulated to the following previously-uncontested material facts in her plea agreement. In October 2008, a confidential informant introduced members of the Weld County Drug Task Force (Task Force), including Greeley, Colorado police officer Tanya Gutierrez, to Miguel Velasquez, who the confidential informant advised sold ounce-type quantities of methamphetamine and cocaine, as well as pound-type quantities of marijuana. Officer Gutierrez, acting undercover, engaged in numerous transactions with Mr. Velasquez in which he sold her multiple grams of methamphetamine and crack cocaine. After another individual involved in the drug conspiracy implicated Mr. Velasquez as

-2-

an active Greeley-area narcotics dealer, Task Force members conducted a wiretap interception.

Based on the wiretaps, agents learned Mr. Velasquez obtained his drugs through couriers or runners whom he provided with money for the purpose of obtaining narcotics from sources in California. Ms. Granados is Mr. Velasquez's niece, and, as she stipulated in her plea agreement, she "transported money to facilitate [Mr.] Velasquez's drug trafficking organization." She also "allowed [him] to store narcotics and paraphernalia at her residence," and she "intermittently assisted [him] by weighing out small amounts of drugs and bringing small amounts of drugs to [him] at various locations in Greeley."

More specifically, Ms. Granados admitted she traveled to Kansas to pick up $4,200 in drug proceeds on behalf of Mr. Velasquez which she facilitated through use of a telephone on October 30 and 31, 2009. Ms. Granados received the drug proceeds in an envelope with "Linda" written on the outside of it. On November 4, 2009, she admitted driving Mr. Velasquez to a meeting where he turned over $2,180 of the drug proceeds in the envelope with the name "Linda" on it to Officer Gutierrez in her undercover capacity, after which Mr. Velasquez instructed Officer Gutierrez to take the money to California to purchase methamphetamine. Officer Gutierrez used the money to obtain one pound of

methamphetamine with 98% purity which she brought back to Colorado. When officers later executed a search warrant at Ms. Granados's residence, she advised them of a box in her apartment containing items related to drug trafficking which belonged to Mr. Velasquez. Officers found distribution baggies and items consistent with methamphetamine cutting agents, as well as ten grams of crack cocaine.

Following Ms. Granados's arrest, she entered into a plea agreement in which she stipulated she violated 21 U.S.C. § 843(b) in knowingly and intentionally using a communication device; i.e., a telephone, in committing and in causing and facilitating the commission of a crime involving a conspiracy to distribute and possess with intent to distribute a controlled substance. In so doing, she specifically stipulated she knowingly and intentionally used a telephone to facilitate the commission of a drug offense constituting a felony under the Controlled Substances Act. In so pleading, Ms. Granados stipulated to the aforementioned inculpatory facts. Although she stipulated to such facts in her plea agreement and agreed they would be used by the court in determining her applicable sentencing range, Ms. Granados also disclaimed "any knowledge of Mr. Velasquez's actions or intentions regarding the pick-up and relinquishment of the money." She also reserved the right to challenge the amount of narcotics attributable to her for the purpose of determining her base offense level.

-4-

Following her guilty plea, a probation officer prepared her presentence report, calculating her sentence under the applicable 2010 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") and its supplement. In explaining her offense conduct, the probation officer included "verbatim" Ms. Granados's stipulated facts contained in her plea agreement, as previously outlined. In calculating her sentence, the probation officer set Ms. Granados's base offense level at 32, pursuant to U.S.S.G. §§ 2D1.1(c)(4) and 2D1.6, based on the underlying offense of conspiracy to possess with intent to distribute the ten grams of "crack" cocaine found in her apartment and 112 grams of "ice" methamphetamine attributed to her for facilitating Officer Gutierrez's purchase of the one pound of 98% pure methamphetamine.[1] The probation officer then reduced the base offense level two levels under § 5C1.2 for a safety valve reduction and three levels for acceptance of responsibility, for a total offense level of 27. A total offense level of 27, together with Ms. Granados's criminal history category of I, resulted in a recommended Guidelines range of seventy to eighty-seven months imprisonment. However, the probation officer pointed out

---

[1] In calculating the drug quantity, the probation officer used the Drug Equivalency Tables to convert both the crack cocaine and ice methamphetamine into a total marijuana equivalency of 2,275.71 kilograms of marijuana, thereby resulting in a base offense level of 32. *See* U.S.S.G. § 2D1.1 cmt. n.10(E). While Agent Gutierrez purchased one pound of 98% pure methamphetamine, which equals 453.6 grams of ice methamphetamine, the probation officer only attributed 112 grams of ice methamphetamine to Ms. Granados. *See id.* (Measurement Conversion Table).

the maximum term of imprisonment for a violation of 21 U.S.C. § 843(d)(1) is four years and therefore recommended a sentence of forty-eight months imprisonment.

Following the presentence report, the government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 based on Ms. Granados's substantial assistance to the government, asking the district court to depart downward from the statutory maximum sentence of forty-eight months. Ms. Granados did not file any objections to the presentence report, including the findings of fact and calculation of her sentence, nor did she otherwise exercise the right she reserved in the plea agreement to challenge the amount of narcotics attributable to her for the purpose of determining her base offense level.

However, Ms. Granados did file a formal motion for a downward variance based on: (1) her family circumstances, including her care and support of her seven-year-old son and forty-five-year-old mother afflicted with stage four Hodgkin's disease; and (2) her argument her offense level impermissibly attributed to her the methamphetamine Officer Gutierrez purchased in California, even though in her plea agreement she stated she lacked "any knowledge of Mr. Velasquez's actions or intentions regarding the pick-up and relinquishment of the money." In support, Ms. Granados argued she did not know what Mr. Velasquez

set out to do when she drove him to the meeting with Officer Gutierrez and she: (1) had no previous knowledge Mr. Velasquez was making any sort of transaction; (2) was not familiar with the drug trade and lacked sophistication as a player in the drug trade; and (3) had no way to know an undercover officer was being given money to buy ice methamphetamine.

At Ms. Granados's sentencing hearing, the government renewed its request for a downward departure, suggesting a sentence of only thirty-five months under U.S.S.G. § 5K1.1 because of Ms. Granados's substantial assistance. In turn, Ms. Granados's counsel clarified Ms. Granados did not object to the facts in the presentence report or the sentencing calculations therein, but merely reiterated, as part of her request for a downward variance under 18 U.S.C. § 3553(a), Ms. Granados did not understand at the time she drove Mr. Velasquez of his intent to give Officer Gutierrez money to purchase drugs in California. In further support of a downward variance, Ms. Granados's counsel renewed her arguments concerning her family circumstances and lack of criminal history and informed the court of Ms. Granados's recent pregnancy. Her counsel requested a variant sentence consisting of the six days previously served or, alternatively, a sentence of 100 days. After hearing Ms. Granados's grounds for a variant sentence, the government revised its previous recommendation for a downward departure resulting in a thirty-five-month sentence and, instead, requested a twenty-three-

month sentence.

Following Ms. Granados's allocution in which she explained her remorse and apologized for her conduct, the district court granted the government's motion for a downward departure and Ms. Granados's motion for a downward variance, sentencing her to twenty-four months imprisonment. In sentencing Ms. Granados, the district court adopted the uncontested facts and calculations in the presentence report and stated it had considered the 18 U.S.C. § 3553(a) sentencing factors and objectives, the presentence report, the written motions, the parties' arguments, letters filed on Ms. Granados's behalf, and recent information filed with the court. It noted the sentence was a "very, very substantial reduction" of the sentence she would otherwise be facing, but it had considered her truthfulness and courage in cooperating with the government in providing information about her uncle, as well as her: (1) short term of involvement in the conspiracy; (2) uncle's influence over her; (3) obvious and sincere remorse and regret; (4) lack of prior criminal history; (5) admirable past employment; and (6) to a lesser extent, her support of her seven-year-old child, pregnancy, and obligations in caring for her ailing mother. It also articulated its belief Ms. Granados would not participate in drug trafficking again.

However, the district court also stated it had considered: (1) the very

serious nature of the drug activity in which she participated; (2) her substantial role in such activity in which she was not a mere incidental, casual courier but allowed her uncle to store and sell drugs out of her home; and (3) her conduct in going to Kansas to obtain drug proceeds which she passed on to buy more drugs. In imposing the twenty-four-month sentence, the district court stated it considered all the 18 U.S.C. § 3553 sentencing factors in determining such a sentence was fair under those factors.

## II. Discussion

Ms. Granados now appeals her twenty-four-month sentence on grounds it is procedurally unreasonable because the district court failed to make a finding with respect to her conduct in calculating her base offense level. In support of this newly-raised procedural reasonableness argument, Ms. Granados argues, as she did in support of the downward variance, she did not foresee that giving Mr. Velasquez a ride would result in any criminal conduct. She suggests the district court erred in failing to address this foreseeability issue in determining her accountability for the 112 grams of ice methamphetamine used to calculate her base offense level. She further contends such an error resulted in her sentence being disparate from another similarly-situated co-defendant, Francisco Villalva, and that the district court otherwise erred in failing to make a specific finding with respect to such a sentencing disparity, also making her sentence procedurally

unreasonable.

The government opposes the appeal, arguing Ms. Granados's procedural reasonableness arguments are meritless under a plain error review, which it claims is the appropriate standard of review because she did not object to the findings of fact or calculation of her sentence for the purpose of contesting her base offense level. In arguing no disparate treatment occurred, it points out Mr. Villalva was charged with different crimes than Ms. Granados, including different drugs and drug quantities, and, in his plea agreement, Mr. Villalva did not have the "expectation that a Motion for Downward departure would be filed," which, in turn, Ms. Granados's plea agreement contemplated. In reply, Ms. Granados relies on the portion of her plea agreement reserving the right to argue as to the amount of narcotics used to calculate her base offense level, as well as the foreseeability arguments she previously raised for a variant sentence.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802-03, 805 (10th Cir. 2008). Thus, we review "'all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard'" in which we afford substantial deference to the district courts. *Id.* at 806 (quoting *Gall v. United States*, 552

U.S. 38, 41 (2007)). "Our appellate review for reasonableness includes both a procedural component ... as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803.

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). In turn, substantive reasonableness addresses whether the sentence length is reasonable given all the circumstances of the case in light of the § 3553(a) factors. *Id.*

In determining whether the district court properly calculated a sentence, we review its legal conclusions de novo and its factual findings for clear error, *see United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*), including calculations based on drug quantities, *see United States v. Ruiz-Castro*, 92 F.3d 1519, 1534 (10th Cir. 1996). However, when a defendant fails to raise an objection to the district court's calculation or explanation of a sentence, we review the district court's determination only for plain error.[2] *See United States*

_____

[2] "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the
(continued...)

-11-

*v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

In calculating drug quantities for the purpose of determining a base offense level under § 2D1.1(c), we have held the district court may consider "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *United States v. Foy*, 641 F.3d 455, 469 (10th Cir.) (relying on U.S.S.G. § 1B1.3(a)(1)(B)), *cert. denied*, 132 S. Ct. 467 (2011). While "[f]actual findings must be supported by a preponderance of the evidence," we have held "[a] district court may accept any undisputed portion of the presentence report as a finding of fact." *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009) (internal quotation marks omitted).

With these principles in mind, we review for plain error Ms. Granados's argument her sentence is procedurally unreasonable because the district court failed to make a foreseeability finding on the 112 grams of ice methamphetamine on which her base offense level is calculated. While Ms. Granados may have previously argued for a variant sentence based on this same argument, we apply plain error review because she did not previously challenge her base offense level or the calculation of her sentence on this or any other grounds.

_____

[2](...continued)
fairness, integrity, or public reputation of judicial proceedings." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

Having made our plain error review, we reject Ms. Granados's argument the district court erred in failing to make the requisite foreseeability finding. To begin, the district court was not required to make a specific or express finding with respect to the foreseeability of Mr. Velasquez's purchase of methamphetamine because Ms. Granados failed to contest the calculation of her base offense level.

Even though the district court was not required to make such a finding, we further note the record amply supports such a finding for the purpose of applying the challenged offense level. First, Ms. Granados pled guilty to using a communication device to facilitate a conspiracy to possess with intent to distribute a controlled substance and further stipulated in her plea agreement to knowingly or intentionally using a telephone to facilitate the commission of a drug offense. Clearly, the controlled substance to which Ms. Granados pled guilty and which culminated from her use of a telephone on October 30 and 31, 2009, is the ice methamphetamine purchased by Agent Gutierrez. In addition, not only did Ms. Granados obtain the $4,200 in question and drive Mr. Velasquez to his meeting with Agent Gutierrez, she stipulated she transported money to facilitate his drug trafficking organization, intermittently assisted him by weighing out small amounts of drugs and bringing small amounts of drugs to him, and allowed him to store narcotics and paraphernalia at her residence. Given

-13-

these admissions regarding her involvement in the drug trafficking conspiracy, it would have been reasonably foreseeable Mr. Velasquez would likely use the $4,200 she obtained, or a portion thereof, to purchase a controlled substance. *See Foy*, 641 F.3d at 469. The district court clearly made this determination, not only when it attributed the 112 grams of methamphetamine to Ms. Granados in determining her base offense level, but later, at the sentencing hearing, when it addressed her variant sentence request and stated, "You went to Kansas to get drug proceeds [and] passed those proceeds on to buy more drugs ...."

While Ms. Granados disclaimed in her plea agreement any knowledge of Mr. Velasquez's actions or intentions regarding the pick-up and relinquishment of the money, such a self-serving claim is insufficient to challenge the quantity of methamphetamine attributed to her under the circumstances presented. Thus, attribution of the 112 grams of methamphetamine to Ms. Granados for the purpose of determining her base offense level is supported by the record and she has not shown an error, plain or otherwise, occurred in the calculation of her base offense level.

Having found no error with respect to the calculation of Ms. Granados's offense level, we reject, without need for further discussion, her newly-raised argument the improper calculation of her base offense level resulted in her

sentence being impermissibly disparate from another similarly-situated co-defendant, Francisco Villalva. As to Ms. Granados's alternative argument the district court erred in failing to make a finding with regard to 18 U.S.C. § 3553(a)(6) concerning the alleged disparity between her and her co-defendant, this argument challenges the procedural reasonableness of her sentence, which we review for plain error. *See Huckins*, 529 F.3d at 1317 (holding a challenge to a district court's failure to adequately explain a sentence or make a sufficient finding raises a procedural reasonableness argument).

Generally, we do not require a district court to distinguish the defendant's characteristics and history from those of the ordinary offender contemplated by the Guidelines, nor do we require facts demonstrating the existence of extraordinary defendant characteristics and history. *See Smart*, 518 F.3d at 806-08 (overturning *United States v. Garcia-Lara*, 499 F.3d 1133 (10th Cir. 2007)). We have also held "§ 3553(a)(6) does not require the sentencing court to compare the sentences of codefendants; rather, it looks to uniformity on a national scale." *United States v. Ivory*, 532 F.3d 1095, 1107 (10th Cir. 2008). In addition, "[w]hile similar offenders engaged in similar conduct should be sentenced equivalently, disparate sentences are allowed where the disparity is explicable by the facts on the record." *United States v. Davis*, 437 F.3d 989, 997 (10th Cir. 2006).

In this case, Ms. Granados failed to contest the calculation of her sentence, and, for this reason alone, the district court was under no obligation to make a specific or express finding with respect to any sentencing disparity between Ms. Granados and her co-defendant, Mr. Villalva, when calculating her sentence. Moreover, any disparity in their sentences is explained by the fact Mr. Villalva was charged with different crimes than Ms. Granados, including different drugs and drug quantities, and he did not have the same expectations for a downward departure, as represented in his plea agreement.

To the extent Ms. Granados meant to allege her sentence is somehow substantively unreasonable based on a sentencing disparity, we also reject her argument for the same reasons, giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Smart,* 518 F.3d at 808 (internal quotation marks omitted). Having made such a review, we conclude Ms. Granados's twenty-four-month, below-Guidelines variant sentence is neither procedurally nor substantively unreasonable.

III.  Conclusion

For these reasons, we **AFFIRM** Ms. Granados's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge