**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LENIN CUEVAS-RAMIREZ, a/k/a
Lenin Cuevas, a/k/a/ Lenin Ramirez-
Luevo,

    Defendant-Appellant.

No. 12-5059
(D.Ct. No. 4:12-CR-00004-JHP-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Appellant Lenin Cuevas-Ramirez pled guilty to illegal reentry of a previously deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2) and received a sentence of forty-one months imprisonment. On appeal, Mr. Cuevas-Ramirez contests the procedural and substantive reasonableness of his sentence, claiming (1) the district court failed to articulate any rationale for his sentence, and (2) his sentence is excessive and greater than necessary to satisfy the statutory purposes under the 18 U.S.C. § 3553(a) sentencing factors. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Cuevas-Ramirez's sentence.

## I. Background

Mr. Cuevas-Ramirez did not object to the facts presented in the presentence report. On January 5, 2012, a grand jury indicted Mr. Cuevas-Ramirez for illegal reentry into the United States on or about December 12, 2011, following his deportation and removal from the United States in November 2006. After Mr. Cuevas-Ramirez pled guilty, a probation officer prepared a presentence report calculating his sentence under the applicable 2011 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), setting his base offense level at eight pursuant to U.S.S.G. § 2L1.2(a) and increasing his base level sixteen levels pursuant to § 2L1.2(b)(1)(A) as a result of his prior 2004 state convictions for possession of a controlled drug with intent to distribute and possession of a

firearm while in commission of a felony. He received concurrent nine-year sentences which were ultimately suspended, after which he was deported. In calculating his offense level, the probation officer also recommended a three-level offense reduction for acceptance of responsibility, resulting in a total offense level of twenty-one.

Mr. Cuevas-Ramirez's criminal history category of II, together with an offense level of twenty-one, resulted in a recommended Guidelines range of forty-one to fifty-one months imprisonment. In addition, the probation officer noted Mr. Cuevas-Ramirez obtained his employment in Oklahoma as a welder based on fraudulent documents and that no factors warranted a departure or variance for a sentence reduction. With respect to his health, the probation officer explained Mr. Cuevas-Ramirez has a disease requiring two prescription drugs but that he was otherwise in good health.

As previously noted, Mr. Cuevas-Ramirez did not file an objection to the presentence report. However, he did file a formal request for a downward variance under the 18 U.S.C. § 3553(a) sentencing factors based on his health and potential for victimization due to his disease. In support, he argued the approximate $18,000 annual cost of his medication could be avoided if the district court granted him a downward variance of zero months imprisonment and he was

immediately deported.  He also pointed to the risk of unintentionally transmitting his disease, his potential susceptibility to life-threatening diseases because of his compromised immune system, and the chance he might not get proper medication at regular intervals while incarcerated.  While the crux of his motion centered on these medical issues, Mr. Cuevas-Ramirez also briefly explained he came to the United States illegally because he could not get a job in Mexico; worked as a welder taking care of his family, including his wife and three daughters who are now in Mexico; and has not been arrested for the commission of any other crimes.

At the outset of the sentencing hearing, the district court noted Mr. Cuevas-Ramirez had filed a motion for a variance, recognized the parties did not object to the presentence report, and stated it had considered letters from Mr. Cuevas-Ramirez's family and other documentation submitted in support of his request for a variance.  It also heard Mr. Cuevas-Ramirez's counsel's argument for a variance, based on the same grounds as in his formal request for a variance, including the fact he worked as a welder to support his family, led a productive life without causing problems, did not point the gun at anyone in regard to his prior firearm conviction, and had his prior sentences suspended.  In turn, the government renewed its objection to a variance, noting Mr. Cuevas-Ramirez possessed a firearm in commission of a drug felony, mostly likely received probation based on his deportation status, obtained his welding job with false

documents, and presented no circumstances taking him outside the heartland of those committing similar offenses.

The district court denied Mr. Cuevas-Ramirez's request for a downward variance. In so doing, it expressly acknowledged his request for a zero-month sentence followed by immediate deportation to Mexico and his counsel's assertion that "the nature and circumstances of the offense, the personal history and characteristics of the defendant, and the defendant's medical status warrant[] a variance in this particular case." It stated that in establishing an appropriate sentence, it considered "the totality of the circumstances regarding the offense of conviction, [his] criminal history, the need to avoid unwarranted sentencing disparities, and [his] ongoing medical issues," and it had "taken into consideration the combination of these factors, as well as the government's position in opposition to [the] matter." In denying the variance, it further stated:

> The Court recognizes its authority to vary from the advisory sentencing range called for by application of the [G]uidelines. Taking into consideration the defendant's history and characteristics, as well as the offense conduct, need for punishment, deterrence, and protection of the public, the Court cannot find that the circumstances in this case warrant a variance based on the sentencing factors cited in 18 U.S.C. [§] 3553(a).

With regard to the length of the sentence, the district court stated its belief a sentence at the low end of the Guidelines range at forty-one months was

appropriate, explaining:

> The Court has reviewed and considered the nature and circumstances of the offense, as well as the characteristics and criminal history of the defendant. Further, the Court has taken into consideration the sentencing guideline calculations contained within the presentence report and the Court's findings announced in open court today.
>
> Consistent with the Supreme Court decision in *United States [v.] Booker*, the Court recognizes that it is not bound by the sentencing guideline calculations contained within the presentence report, but the Court has considered them and finds them to be advisory in nature. The Court adopts the presentence report as the factual basis for the sentence in this matter.

It further stated it was imposing such a sentence pursuant to the § 3553(a) factors and that the sentence "reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense," while affording "adequate deterrence to criminal conduct, and protect[ion of] the public from further crimes of this defendant." Finally, the district court determined the forty-one-month sentence "is sufficient, but not greater than necessary, to meet the objectives set forth in 18 U.S.C. [§] 3553(a)."

## II. Discussion

Mr. Cuevas-Ramirez now appeals his forty-one-month sentence on grounds it is both procedurally and substantively unreasonable. In making his procedural reasonableness argument, Mr. Cuevas-Ramirez admits he is raising it for the first time so plain error review is appropriate. He claims his sentence is procedurally

unreasonable because the district court failed "to articulate any rationale for its sentencing decision," make any "realistic reference to the sentencing factors listed in § 3553(a), or to any aspect of [his] offense, criminal history, personal characteristics, or personal circumstances," or otherwise "address the § 3553(a)-based arguments presented" by him in support of a below-Guidelines sentence. Mr. Cuevas-Ramirez further claims that because the district court provided "no explanation whatsoever," there is "no way of knowing whether it was treating the Guidelines as mandatory," "no way of knowing whether the district court based its decision on erroneous factors," and "no way of knowing whether the district court considered any of the § 3553(a) sentencing factors, and if so, which factor or factors were influential." Instead, he contends, the "record is completely devoid of any basis" from which to conclude the district court adequately considered the § 3553(a) factors, and, at the very least, it failed to provide a general statement of its reasons for imposing his forty-one-month sentence.

With respect to his substantive reasonableness argument, Mr. Cuevas-Ramirez claims his sentence is greater than necessary to satisfy the § 3553(a) factors, and, in making this claim, he renews the same arguments concerning his medical status, potential for victimization, family circumstances, and work and criminal history. Finally, he notes the crime of illegal reentry is merely a "status" offense, "implicating no evil intent whatsoever or financial loss or physical injury

to a victim."

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802, 805 (10th Cir. 2008). Thus, we review "'all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard'" in which we "afford substantial deference to the district courts." *Id.* at 806 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "Our appellate review for reasonableness includes both a procedural component, ... as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803.

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). In turn, substantive reasonableness addresses whether the sentence length is reasonable given all the circumstances of the case in light of the § 3553(a) factors. *Id.*

In determining whether the district court properly calculated a sentence, we

review its legal conclusions de novo and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*). However, when a defendant fails to raise an objection to the district court's calculation or explanation of a sentence, we review the district court's determination only for plain error,[1] which Mr. Cuevas-Ramirez admits is the standard of review for his procedural reasonableness argument. *See Ruiz-Terrazas*, 477 F.3d at 1199.

We have said "[a] one-sentence explanation accompanying a within-[G]uidelines sentence–in the absence of the need to address specific § 3553(a) arguments brought to the district court's attention–satisfies the district court's duty to impose a procedurally reasonable sentence." *United States v. Tindall*, 519 F.3d 1057, 1065 (10th Cir. 2008). Moreover, the Supreme Court has "made clear that a district judge is not required to give an exhaustive list of reasons" for the sentence imposed. *Id.* Instead, in assuring a district court has considered the § 3553(a) factors before imposing a sentence, it must "'state in open court the reasons for its imposition of a particular sentence'" and satisfy us that it "has considered the parties' arguments and has a reasoned basis for exercising [its]

---

[1] "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007) (quoting 18 U.S.C. § 3553(c)). While, as Mr. Cuevas-Ramirez contends, the court must provide at least a general statement of its reasons for the sentence imposed, it "'need not explicitly refer to either the § 3553(a) factors or respond to every argument for leniency that it rejects in arriving at a reasonable sentence.'" *United States v. Lente*, 647 F.3d 1021, 1034-35 (10th Cir. 2011) (quoting *United States v. Martinez-Barragan*, 545 F.3d 894, 902-03 (10th Cir. 2008)).

With respect to the substantive reasonableness of a sentence, we have explained that if the sentence is within the correctly-calculated Guidelines range, the sentence is presumptively reasonable. *See Kristl*, 437 F.3d at 1054-55. A defendant must "rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.* at 1055.

With these principles in mind, we review for plain error Mr. Cuevas-Ramirez's argument his sentence is procedurally unreasonable based on the district court's alleged failure "to articulate any rationale for its sentencing decision." We begin by noting the district court started the sentencing hearing with express reference to the motion for a variance before it, and then heard the parties' arguments in support and opposition thereof, leading us to conclude it

was fully aware of the arguments and circumstances surrounding Mr. Cuevas-Ramirez's request for a variance. It also explicitly stated it had reviewed and considered the unopposed presentence report, considered the advisory Guidelines applications and the 18 U.S.C. § 3553(a) sentencing factors, and reviewed family letters and other documentation related to Mr. Cuevas-Ramirez's motion for a variance.

In denying the variance, it is clear the district court considered and rejected all of Mr. Cuevas-Ramirez's arguments in support of a variance, including his medical concerns, family circumstances, personal characteristics, and criminal history. While the district court many not have discussed each of these in detail, it is clear it considered and rejected them in denying the requested variance. In addition, it expressly articulated the § 3553(a) factors it considered in denying the variance, including explicit references to Mr. Cuevas-Ramirez's medical condition, stating it had considered it when looking at the totality of the circumstances in regard to the § 3553(a) factors.

In addition, given the district court's repeated, express articulation of the § 3553(a) factors, we find woefully meritless Mr. Cuevas-Ramirez's claim there is "no way of knowing whether the district court considered any of the § 3553(a) sentencing factors" and his argument the district court failed to make a "realistic

reference" to the sentencing factors listed in § 3553(a). Similarly, with respect to Mr. Cuevas-Ramirez's claim that there is no way of knowing which factor or factors were influential, the district court clearly stated which factors it considered in denying the variance.

We also find Mr. Cuevas-Ramirez's contention that there is "no way of knowing whether [the district court] was treating the Guidelines as mandatory" incredulous. This is because the district court twice explicitly acknowledged the Guidelines are not mandatory when it recognized "its authority to vary from the *advisory* sentencing range called for by application of the guidelines" and that it is "not bound by the sentencing guideline calculations contained within the presentence report, but ... finds them to be *advisory* in nature." (Emphasis added.)

For these reasons, the record is not "devoid of any basis from which to conclude the district court gave proper and adequate consideration to the § 3553(a) factors," including those raised in support of a variance. While further elaboration of the reasons for denying the variance may have further aided Mr. Cuevas-Ramirez in understanding the reasoning for his Guidelines sentence, it is clear the district court fully considered the parties' legal arguments and demonstrated it had a reasoned basis for denying Mr. Cuevas-Ramirez's variance

-12-

request. For these reasons, the district court did not commit plain error and Mr. Cuevas-Ramirez's forty-one-month sentence is not procedurally unreasonable.

Having found no procedural error with respect to Mr. Cuevas-Ramirez's sentence, we also reject his argument his within-Guidelines sentence is substantively unreasonable. Because his sentence is within the correctly-calculated Guidelines range, it is presumptively reasonable. Mr. Cuevas-Ramirez has not rebutted this presumption by demonstrating that it is unreasonable in light of the sentencing factors in § 3553(a). We also reject his argument his sentence is substantively unreasonable because the crime of illegal reentry is merely a "status" offense, "implicating no evil intent whatsoever or financial loss or physical injury to a victim." Not only are his prior drug and firearm offenses serious, but so is the crime of illegal reentry by an ex-felon into this country, for which Congress has imposed a statutory maximum sentence of ten to twenty years, depending on whether the prior conviction is for an aggravated felony. *See* 8 U.S.C. § 1326(b)(1) and (2). Mr. Cuevas-Ramirez's crime of illegal reentry following his felony convictions for drug trafficking and use of a firearm in commission of that crime are no exception. For this reason, we also cannot say Mr. Cuevas-Ramirez sufficiently rebutted the presumption his sentence is reasonable or that the district court otherwise abused its discretion in imposing his forty-one-month sentence.

III. Conclusion

For these reasons, we **AFFIRM** Mr. Cuevas-Ramirez's sentence.

Appellant's motion to seal the briefs is **GRANTED**.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge