**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VICTOR SOLIS-ALVAREZ,

    Defendant - Appellant.

No. 13-1485
(D.C. No. 1:13-CR-00188-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.
_____

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

submitted without oral argument.

Appellant Victor Solis-Alvarez pled guilty to illegal reentry of a removed

alien subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

(b)(1), and guilty to violating the terms of his supervised release with respect to another conviction. He received a thirty-month sentence for both convictions, which he now appeals, contesting its procedural and substantive reasonableness. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

## I. Background

Mr. Solis-Alvarez is a Mexican citizen who illegally entered this country at the age of seven. He accumulated a substantial juvenile criminal record and, in 2009, at the age of eighteen, received a felony conviction for first-degree trespass and was deported later that year. He illegally reentered this country in early 2010 and was thereafter convicted of illegal reentry of a removed alien subsequent to a felony conviction and sentenced, in part, to thirty-six months supervised release. He was again deported in February 2011. In 2013, he illegally reentered this country and ultimately pled guilty to both the charge for his instant conviction and violation of his supervised release on his prior conviction.

A probation officer prepared a presentence report for both the instant conviction and his supervised release violation. For the latter, the probation officer recommended a within-Guidelines-range sentence of twelve to eighteen months imprisonment following revocation of his supervised release. With respect to his reentry conviction, he recommended a Guidelines range of fifteen to twenty-one months imprisonment. With regard to factors related to a variance,

the probation officer pointed out: 1) Mr. Solis-Alvarez has a criminal record involving three adult felony convictions, two deportations, two juvenile felony offenses, and multiple other juvenile offenses, and has been involved with the criminal justice system since age fourteen; 2) a likelihood exists he will return to this country again because he has been here since 1997 and his mother and siblings live in Denver, Colorado; and 3) his intent to relocate to Baja, Mexico, for safety reasons when next deported, due to his fear of returning to Zacatecas, Mexico, after Los Zetas gang members kidnaped his male cousins, killing one of them.

Mr. Solis-Alvarez did not file any objections to the presentence report, including the findings of fact and calculation of his sentence. At the sentencing hearing, his counsel expressly stated Mr. Solis-Alvarez was not requesting a downward departure or variance, other than asking for concurrent sentences for his conviction and revocation of supervised release. Both parties requested concurrent sentences of twenty months imprisonment. Mr. Solis-Alvarez's counsel pointed out Mr. Solis-Alvarez came back into this country because of the encouragement of his family and the kidnaping and death of his male relatives, and, since he feared returning to his familial home in Zacatecas, Mexico, because of the Los Zetas gang members, he intended to go to Baja, Mexico, after deportation where he would escape any threat against him and start a restaurant. While the government also sought concurrent twenty-month sentences, it pointed

out, in part, Mr. Solis-Alvarez: 1) has a fairly significant juvenile record and adult felony convictions, including conviction for illegal reentry; 2) entered the country illegally three times, including while on supervised release; 3) was not deterred from continuing to violate the law and reenter the country despite the wide variety of punishments and sanctions imposed on him; and 4) is a high-risk candidate for illegal reentry because he maintains no ties to Baja, Mexico, is close to his family in the Denver area, and has been in the United States since age seven.

After expressly listing the sentencing factors under 18 U.S.C. § 3553, acknowledging the lack of objections to the facts and calculations in the presentence report, and explaining the advisory nature of the Guidelines, the district court announced its intent to impose a single sentence for the instant conviction and violation of supervised release and impose an above-Guidelines sentence, noting Mr. Solis-Alvarez's reentry conviction did not take into account his extensive juvenile history or his unsuccessful completion of every sentence imposed. It stated:

> It's worth noting ... his criminal history–that he illegally entered the country first when he was a child ... at age 7. By age 14, he had juvenile adjudications of battery, assault, disorderly conduct, and fighting, motor vehicle theft, [and] spent some time in the Department of Youth Corrections because his probation was revoked and terminated. Ultimately, he was paroled. Then he had theft and shoplifting, a felony trespass at 15. Again, his probation was revoked, re-granted, revoked, terminated. Then he had a discharge of a weapon within city limits at age 16. And his first adult conviction

was at age 18, driving without a license, with a defective vehicle, followed by an attempted trespass, one that was an attempt to break into a vehicle, it was another felony conviction. He was sentenced to 6 months in the Colorado Department of Corrections. He was released subject to an immigration detainer. He was deported to Mexico. He then reenters the United States illegally, and he is convicted in the Western District of Texas for illegal reentry, sentenced to 15 months of imprisonment and 36 months of supervised release. The supervised release term commenced on February 4, 2011. He reenters the United States illegally and is before this court now.

It also noted Mr. Solis-Alvarez's defiant attitude and the likelihood he would attempt to illegally reenter this country again given: 1) he had no realistic plans after his deportation because he has no contacts in Baja or skills to start a restaurant; 2) "his close family is located here in Colorado"; 3) his willingness in the past to come back into the country illegally; 4) his apparent failure to understand what he has done wrong or commit to changing his behavior; and 5) he was not deterred by his prior sentences. It then imposed a thirty-month sentence followed by a three-year term of supervised release. Mr. Solis-Alvarez's counsel then requested the district court reconsider and impose a lower sentence, stating that while Mr. Solis-Alvarez made a lot of mistakes as a juvenile, he is now an adult "ready to act as an adult person, intelligent man should, and he realizes that." The district court responded, stating,

I remain convinced that an upward variance is appropriate in this case and that 30 months is a period of incarceration which reflects a sentence that is sufficient but not greater than necessary to satisfy the sentencing objectives. I note the previous sentence imposed for illegal reentry did little to deter this defendant's behavior.

After announcing the thirty-month sentence, the district court asked, "Is there anything further to bring before the court?" to which Mr. Solis-Alvarez's counsel responded, "No, Your Honor. Other than just to state for the record our disagreement with the sentence."

## II. Discussion

Mr. Solis-Alvarez now appeals his thirty-month sentence. He contends his sentence is unreasonable because the district court failed to address or ignored issues relating to his lack of personal safety in Mexico and family ties to the United States and, instead, based his sentence largely on his criminal history, inability to abide by previous sentences, persistent refusal to stay in Mexico, seeming defiance, and dim prospects for success in Mexico. He contends these "cited factors cannot bear such a large variance on their own" and are "even less justified" and "much more unreasonable" when taken into consideration with his personal safety concerns in returning to Mexico, including "his fear of being murdered by a powerful drug cartel" and "his desire to be with his family in the United States, where he has lived since he was seven years old." He also argues a thirty-month variant Guidelines sentence is substantively unreasonable because it is "nearly 50% higher than the top of his guideline range," thereby suggesting his sentence is impermissibly disparate from others who are sentenced within the Guidelines range. In response, the government argues the district court did not abuse its discretion or otherwise err in imposing the thirty-month sentence.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802-03, 805 (10th Cir. 2008). Thus, we review "'all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard,'" in which we "afford substantial deference to district courts." *Id.* at 806 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "Our appellate review for reasonableness includes both a procedural component ... as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. "Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). In determining whether the district court properly calculated a sentence, we review its legal conclusions de novo and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*). However, when a defendant fails to raise an objection to the district court's calculation, failure to consider the § 3553(a) sentencing factors, or explanation of a sentence, we review the district court's determination only for plain error. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

In turn, substantive reasonableness addresses whether the sentence length is

reasonable given all the circumstances of the case in light of the § 3553(a) factors. *See Huckins,* 529 F.3d at 1317. Generally, an argument the district court gave undue weight to one factor over another challenges the substantive reasonableness of a sentence. *See Smart,* 518 F.3d at 805, 808. In reviewing the substantive reasonableness of a sentence, "[w]e may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them," but must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). "Although the degree of variance from the Guidelines range remains a *consideration* on appeal, it may not define our threshold standard of review." *Id.* at 807 (internal citation omitted).

In this case, Mr. Solis-Alvarez argues the district court impermissibly based his sentence largely on his criminal history, unsuccessful sentence completions, multiple reentries, and personal characteristics of defiance and inability to succeed in Mexico, rather than mentioning, addressing, or giving weight to personal characteristics, such as his personal safety concerns and desire to be with his family in the United States. To the extent Mr. Solis-Alvarez is suggesting the district court failed to consider these additional factors by failing to expressly mention them or to otherwise explain his sentence, we review for procedural unreasonableness under a plain error standard because he failed to raise an objection on these specific grounds. To the extent he is contending it failed to

give meaningful consideration to the § 3553(a) factors by giving undue weight to some factors over others, failed to provide sufficient reasons for the variance, or imposed an inordinate degree of variance, he is challenging the substantive reasonableness of his sentence which we review for an abuse of discretion. *See Smart,* 518 F.3d at 806-08.

In conducting our review of the record, we reject Mr. Solis-Alvarez's claim the district court failed to consider issues relating to his personal safety and family connections or ties to the United States or adequately explain his sentence. In varying upward and expressly considering the § 3553(a) sentencing factors, it relied not only on the unopposed presentence report, which repeatedly noted Mr. Solis-Alvarez's personal safety concerns and family ties to the United States, but his counsel's argument at sentencing on the same issues. In addition, in explaining its belief Mr. Solis-Alvarez would again return to this country, the district court expressly noted "his close family is located here in Colorado" and explicitly recognized his intent to go to Baja, Mexico, rather than his familial home. It also expressly listed the reasons why it was imposing a thirty-month sentence. Given these circumstances, it is clear the district court was aware of and considered the safety and family factors in conjunction with the other § 3553(a) sentencing factors, including his criminal history; explained its reasons for a thirty-month sentence; and determined such a sentence was reasonable given the factors as a whole. Thus, the district court imposed a procedurally reasonable

sentence and did not commit plain error.

With regard to the substantive reasonableness of the sentence, not only did the district court consider the relevant sentencing factors, but, as previously explained, we may not examine the weight it assigned to those factors or its ultimate assessment of the balance between them; rather, we give due deference to its decision that the § 3553(a) factors, on a whole, justify the variance. *See Smart*, 518 F.3d at 802, 808. Moreover, while a district court is required to provide reasons sufficient to support the chosen variance, it is not required to provide extraordinary facts to justify the statutorily permissible sentencing variance or give mathematical precision to the § 3553(a) factors for the purpose of reaching some specific level of evidentiary weight. *Id.* at 807. Here, the district court provided reasons sufficient to support the variant sentence.

As to the degree of variance in Mr. Solis-Alvarez's sentence from those sentenced within the Guidelines range, which he complains is fifty percent higher, we do not require a district court to distinguish the defendant's characteristics and history from those of the ordinary offender contemplated by the Guidelines, nor do we require facts demonstrating the existence of extraordinary defendant characteristics and history. *See id.* at 806-08. "While similar offenders engaged in similar conduct should be sentenced equivalently, disparate sentences are allowed where the disparity is explicable by the facts on the record." *United States v. Davis*, 437 F.3d 989, 997 (10th Cir. 2006) (internal quotation marks

omitted). In this case, the variance is explicable by the facts presented in the record on appeal, and the district court's reasons for imposing it are sufficiently compelling. In sum, Mr. Solis-Alvarez has not demonstrated his upward variant sentence is either procedurally or substantively unreasonable for the purpose of warranting reversal on appeal.

## III. Conclusion

Accordingly, we **AFFIRM** Mr. Solis-Alvarez's thirty-month term of imprisonment.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge